AMERICAN COLONIAL BANK OF PORTO RICO, MAYAGÜEZ BRANCH, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 724. Submitted June 20, 1928.—Decided June 21, 1928.

*A. Ramírez Silva* for the appellant. The registrar did not appear.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On May 25, 1928, Evangelista Segarra and his wife appeared before a notary and executed a public deed wherein they stated that they were the owners of a certain urban property; that they had received a loan of five thousand dollars from the Mayagüez Branch of the American Colonial Bank, and that to secure the said sum and others for interest and costs in case of delay and suit they created a voluntary mortgage on that property. Everything is duly described and set forth in detail.

The deed having been presented in the registry, the registrar recorded it "with the curable defect that the contract had not been accepted by the mortgagee." The mortgagee took the present administrative appeal. The registrar has filed no brief in explanation or defense of his decision as required by the rules of this court.

Not only has the question involved been decided adversely to the opinion held by the registrar by the General Directorate of Registries of Spain in its decisions of June 25, 1877, December 29, 1880, and November 28, 1893, and by this Supreme Court in the case of *Santiago* v. *Registrar of Guayama,* 25 P.R.R. 797, cited by the appellant, but also by this court recently in the case of *Pérez Blanco* v. *Registrar of Guayama,* 37 P.R.R. 589, where it was said:

"The registrar has filed a lengthy brief in support of his decision, invoking the decision of the General Directorate of Registries of Spain of March 14, 1893. He maintains that this is not the usual case in which a debtor secures his debt to a creditor by means of a voluntary mortgage, but that of a bilateral contract resulting from an agreement with all of the creditors, a mortgage being created in favor of a person distinct from the creditors.

"If it were a matter of recording the agreement, or if the record bound the creditors to respect and comply with the said agreement, the registrar would be right; but what is sought to be recorded is simply the mortgage whereby a lien is created on the property of the debtor. It is the debtor who suffers and subjects his prop-

erty to the payment of his debts. As the creditors did not appear as parties to the mortgage, they can not be prejudiced at all by the statements made in the deed by the debtor or by the so-called trustee. The record sought has no other effect than to bind the debtor in the manner which he himself has chosen. If his statements and those of the 'trustee' are untrue, the whole structure falls.

"This being the case, the case of *Santiago* v. *Registrar, supra,* is perfectly applicable. In that case this court, based on a study of the question involved and on the decisions of the General Directorate of Registries of Spain of June 25, 1877, December 29, 1880, and November 28, 1893, held as follows:

" 'According to the provision of article 138 of the Mortgage Law, a voluntary mortgage may be created validly not only by the agreement of the parties but also by the exclusive act of the owner of the property on which it is imposed, and no showing is required of the acceptance by the person in whose favor the lien is created. For this reason the fact that it was not duly shown in the deed presented in the registry for record that the person appearing therein as the creditor's agent was in fact such agent, is not a curable defect.' "

As may be seen, the case before us is even more simple than the *Pérez Case, supra,* with the further circumstance that the mortgagee is the party who took the appeal.

The decision appealed from must be reversed as regards the curable defect assigned.